# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.                                                                    **CASE NO: 6:24-cr-44-PGB-EJK**

**STACE VALENTINE**
_____/

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Suppress and for *Franks* Hearing (Doc. 46);

2. Defendant's Supplement to Motion to Suppress Evidence (Doc. 50);

3. Government's Response to Defendant's Motion to Suppress and for *Franks* Hearing (Doc. 52); and

4. Defendant's Reply. (Doc. 58).

Defendant has failed to make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit or that the purportedly false statement is necessary to the finding of probable cause. Therefore, the Defendant is not entitled to a *Franks* Hearing. The Defendant's motion to suppress hinges on the Court's finding that probable cause is negated if the "offending statements"—here the description of the images—were removed. Since the Court finds the affiant's description of the subject images does not amount to a false statement made knowingly and intentionally, or with reckless disregard for the truth, and

because the affidavit supports the Magistrate Judge's probable cause determination, the motion to suppress is denied.[1]

## I.  BACKGROUND

The Defendant is charged in a four-count indictment with possession of child pornography after having previously been convicted of a crime under the laws of Florida relating to sexual abuse involving a minor. (Doc. 1). The investigation began when the National Center for Missing and Exploited Children received a cyber tip from Google that an account in Defendant's name had uploaded child pornography. (Doc. 46-2, ¶ 23). The affidavit in support of a search warrant describes six images identified as child pornography. (*Id*. ¶¶ 24–29). The affidavit also identifies the Defendant as a registered sex offender. (*Id*. ¶ 34). The Magistrate Judge issued a search warrant on February 15, 2022. (Doc. 46-3). The Defendant contends that the affidavit in support of the search warrant is tainted by "multiple reckless omissions and misstatements about . . . images" alleged to constitute child pornography. (Doc. 46, p. 1). Defendant asserts that absent the omissions and misstatements the affidavit does not support probable cause, requiring the suppression of evidence seized under the warrant.[2] (*Id*. at pp. 1–5).

---

[1]  Defendant Valentine did not request oral argument on his motion to suppress and only requested a *Franks* hearing.

[2]  The Defendant moved to compel the Government to submit the disputed images for in camera inspection. (Doc. 59). The Court granted the motion to compel (Doc. 69) and has inspected the disputed images. The Clerk of Court will maintain the images under seal for appellate purposes. The Court also inspected four categories of documents requested by the defense (Doc. 51) and determined that none of the responsive documents supported a *Franks* hearing. (Doc. 57).

## II. LEGAL STANDARDS

### A. *Franks Hearing*

Under the Franks doctrine, "a warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit." *United States v. Taylor*, No. 14-0303-CG, 2015 WL 5923580, at *2 (S.D. Ala. Oct. 12, 2015) (citing *Madiwale v. Savaiko*, 117 F.3d 1321, 1326–27 (11th Cir. 1997)). To be entitled to a *Franks* hearing, the defendant must make "a substantial preliminary showing that a false statement [or omission] knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)); *see also United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) (citation omitted); *United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009) ("The defendant bears the burden of showing that, absent those misrepresentations or omissions, probable cause would have been lacking." (citation and internal quotation marks omitted)).

Moreover, a law enforcement officer need not investigate to "either corroborate or to negate the information in the affidavit" to rebut a defendant's claim that the affidavit lacks probable cause. *See, e.g.*, *United States v. Shields*, 458 F.3d 269, 280 (3rd Cir. 2006) (rejecting the defendant's contention that an affidavit lacked probable cause because the FBI could have conducted a more fulsome investigation); *United States v. Gourde*, 440 F.3d 1065, 1072–73 (9th Cir.

3

2006) (en banc) (finding that the government need only show a "fair probability" that the defendant committed a crime); *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993) (rejecting the defendant's argument that probable cause "requires an officer to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence."). Omissions from an application for a search warrant that are not reckless, but which are negligent, will not invalidate a warrant. *Madiwale*, 117 F.3d at 1327. The defendant has the burden of presenting evidence of intentional or reckless omissions of material information from the affidavit to warrant a *Franks* hearing. *See United States v. Burston*, 159 F.3d 1328, 1333 (11th Cir. 1998).

**III. DISCUSSION**

It is worthwhile to reiterate the standard for finding probable cause. The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "Probable cause requires 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. McCall*, 84 F.4th 1317, 1324 (11th Cir. 2023) (citing *Illinois v. Gates*, 462 U.S. 213 (1983)). The standard for probable cause is a "practical, nontechnical conception" based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Id.* (citation omitted). The Court looks only to the face of the affidavit to determine whether it

4

lacks sufficient indicia of probable cause. *Id* at 1325 (citation omitted). "To exclude evidence on this ground, the affidavit must be so clearly insufficient that it provided 'no hint' as to why police believed they would find incriminating evidence." *Id*. (citation omitted).

The case before the Court presents two issues: has the Defendant carried his burden of proving entitlement to a *Franks* hearing, and if not, does the affidavit meet the standard for demonstrating a fair probability that contraband or evidence of a crime will be found in a particular place?

### A.   The Motion for *Franks* Hearing

The six images at issue are described in the affidavit in support of the search warrant as follows:

> 1.   That file depicts an approximately eight-year-old boy. The child is naked and holding a camera. The child is sitting down directly facing the camera, with his legs spread and his penis exposed.
>
> 2.   That file depicts a naked prepubescent male from the child's knees to his chest. The child's penis is in the center of the image and is exposed.
>
> 3.   That file depicts the same thing described in the preceding paragraph.
>
> 4.   That file depicts the same thing described in the preceding paragraph.
>
> 5.   That file depicts a collage of six images. Each of the six images depicts the naked mid-section of the same prepubescent child. The child's erect penis is shown in all six of the images, and in four of the images the child is shown touching his erect penis with his fingers.
>
> 6.   The file depicts the same thing described in the preceding paragraph.

5

(Doc. 46-2, ¶¶ 24–29). The search warrant affidavit also provides that the Florida Department of Law Enforcement Sexual Predator/Offender Registration showed that Defendant was subject to sex offender registration, but that he was not under supervision. (*Id.* ¶ 34). The case agent who prepared the affidavit attests that based on his training and experience, "including [his] participation in the execution of hundreds of search warrants in child pornography investigations[,] it is not unusual for individuals to retain computers and media devices for years after they use such devices for distributing, uploading, viewing, or possessing child pornography." (*Id.*). Finally, the affiant states:

> Persons who are involved with child pornography generally have other sexually explicit materials related to their interest in children, which may consist of photographs, motion pictures, videos, text material, computer graphics and digital or other images for their own sexual gratification, often including child erotica, which may consist of images or text writings involving sex with minors that do not rise to the level of child pornography but nonetheless fuel their deviant sexual fantasies involving minors.[3]

(*Id.* ¶ 35(a)).

The Defendant argues that the agent omitted several "material facts" from his description of the images. (Doc. 46, p. 4). The Court will address each alleged omission or misstatement in turn.

    1.    *Artistic or Historical Origin*

The Defendant claims the affidavit should have disclosed that the images are either black-and-white or sepia-toned, "suggesting an artistic or historical origin."

---

[3] The defense does not challenge the accuracy of the affiant's opinions or observations.

6

(*Id.*). The defense contends that the agent's failure to describe the images as either black-and-white or sepia-toned is the "most conspicuous omission." (*Id.* at p. 11). The defense correctly notes that search warrant affidavits commonly identify "color image depicting" a pornographic image, but the defense fails to identify precedent holding that the failure to identify an image as black-and-white or sepia-toned is material to determining probable cause.[4] (*See id.* at p. 12 (collecting cases)). Similarly, the defense fails to cite support for the proposition that black-and-white or sepia-toned photos are indicative of "an artistic or historical origin." If an image depicts child pornography,[5] its criminality is not excused because it was taken in black-and-white or sepia tone. That said, the Court notes that the image of the approximately eight-year-old boy holding the camera is black-and-white; the image of the prepubescent boy from the child's knees to his chest is black-and-white, and the collection of six photos of the naked prepubescent boy is possibly sepia-toned. The Court also finds that the collection of six images depicts the child fondling his penis and meets the definition of child pornography.

---

[4] Defendant cites *United States v. Katz*, 178 F.3d 368, 372–74 (11th Cir. 1999), for the proposition that "[c]olor completely changes a picture's context." (Doc. 46, p. 11). The issue in *Katz* was whether the Government should be allowed to introduce color images in a child pornography prosecution when low quality black-and-white images were produced in discovery. 178 F.3d at 370. Whether the person depicted in the images was a minor was the subject of competing expert testimony. *Id.* The images were excluded as a sanction for the Government's discovery violation, not because color completely changes the picture's context.

[5] Child pornography is defined in 18 U.S.C. § 2256(8) as any visual depiction of sexually explicit conduct where the depiction involved the use of a minor engaged in sexually explicit conduct. § 2256(8)(A). Sexually explicit conduct includes actual or simulated (i) sexual intercourse, anal sex, or oral sex, (ii) bestiality, (iii) masturbation, (iv) sadistic or masochistic abuse, or (v) lascivious exhibition of the genitals or public area of any person. *See* § 2256(2)(A)(i)–(v).

The defense, to their credit, determined that photographer Edward Weston created images 2–4 as part of his series *Six Nudes of Neal*[6], and photographer Jacqueline Livingston created images 5 and 6 for her 1979 exhibition Male/Mail. (Doc. 46, p. 6). However, the Government is not required to investigate whether the image has been published in a study of nudes before it may describe the images in a search warrant affidavit. *See, e.g.*, *Dale*, 991 F.2d at 844 (rejecting the defendant's argument that probable cause "requires an officer to exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence."). The fact that images 2–4 and images 5 and 6 appear in publications is, in this instance, the tail wagging the dog. That is, once one knows the images have been published, one cannot help but scour the images for features consistent with artistic expression. While tempting, the Government did not have, nor was it required to secure, this information before describing the images in the search warrant affidavit. Granted, standing alone, the image of the prepubescent male from knees to chest is consistent with an artistic depiction. Whether probable cause has been established, however, considers the totality of the facts outlined in the affidavit. Even if one of several images is arguably artistic on its face, the warrant survives scrutiny if the balance of the facts supports a finding of probable cause. *See Arbolaez*, 450 F.3d at 1293–95.

---

[6] Images 2–4 are one photograph of a child from his knees to his chest and should not be confused with images 5 and 6, the collection of 6 images of a boy fondling his penis. The former is found in Edward Weston's series *Six Nudes of Neal*, and depict a child posed in a manner similar to *David*, the sculpture by Michelangelo, unlike the child in images 5 and 6.

8

### 2. *Details about the Images*

Defendant also contends that the agent should have disclosed that the subjects in images 1 and 2–4 "are posed in front of seamless monochromatic backgrounds, suggesting professional staging." (Doc. 46, p. 12). Child pornography can be amateur or professionally staged, and the latter is not automatically exempted from prosecution. The affidavit describes the subject in image 1 as follows:

> The child is naked and holding a camera. The child is sitting down directly facing the camera, with his legs spread and his penis exposed.

The Defendant next avers that the affidavit omits that the subject in image 1 is "holding a vintage camera with a visibly outmoded design, which is the focal point of the image." (*Id.*). The Defendant contends the affidavit should have also included that the subject was "wearing the camera strap around his neck and smiling at the photographer, suggesting a familiar relationship between the two." (*Id.*).

First, the affidavit correctly states the child is naked and holding a camera and is directly facing the camera with his penis exposed. Second, the photograph appears to depict the camera strap draped in front of the subject's neck, and the child does not seem to be smiling. Third, counsel's opinion that the subject appears to be familiar with the photographer is just that–opinion–perhaps influenced by the knowledge that the photograph appears in a collection. (Doc. 50). Counsel also suggests the camera is the focus of image 1. (Doc. 46, p. 12). The defense fails to

9

offer evidence that the camera is the focal point of the image. While the camera *may* be the focal point for a person uninterested in child pornography, the subject's penis *may* be the focal point for a sex offender. The Court does not find that the agent recklessly or intentionally omitted a material fact by not choosing to describe the camera or the subject's genitals as the focal point of the image.

Next, the defense argues the agent omitted the fact that images 5 and 6 "are of such low resolution that their content is barely discernable." (*Id.* at pp. 12–13). The Court has reviewed images 5 and 6, the series of six photographs, and only the image in the lower right is difficult to discern. The subject's penis is visible in the other five frames. The defense also contends the subject is holding his penis in a manner inconsistent with any intent to entice. (*Id.* at p. 14). The affiant described images 5 and 6 as depicting the naked mid-section of the same prepubescent child. The affiant recounts that the child's erect penis is shown in all six of the images, and in four of the images, the child is shown touching his erect penis with his fingers. Except for the image in the lower right frame, which is blurry but not inconsistent with the penis being erect, the description is correct. Defendant's suggestion that a prepubescent child holding his erect penis is not consistent with "intent to entice" is an opinion and nothing more. The affiant's description is accurate, and the agent's failure to embrace the defense counsel's characterization of the images does not amount to a reckless or intentional omission of a *fact*.

For these reasons, the Defendant has failed to make a substantial preliminary showing that (1) "the affiant deliberately or recklessly included false

statements, or failed to include material information, in the affidavit." *Arbolaez*, 450 F.3d at 1293.

### 3. The Affidavit Supports Probable Cause

As discussed above, the standard for probable cause is a "practical, nontechnical conception." *McCall*, 84 F.4th at 1324 (citation omitted). A magistrate judge may rely on "a reasonably specific affidavit describing the content" of alleged CSAM in issuing a warrant. *See United States v. Smith*, 459 F.3d 1276, 1291 n. 15 (11th Cir. 2006); *see also United States v. Lowe*, 516 F.3d 580, 586 (7th Cir. 2008). Here, the Magistrate Judge was informed that the Defendant is a registered sex offender and had downloaded nude images of prepubescent minors with at least one depicting the minor holding his erect penis. The affiant stated that based on his considerable experience investigating child sexual exploitation cases, individuals such as the Defendant are known to retain computers used for distributing, uploading, viewing, and possessing child pornography. As such, the Magistrate Judge was correct in finding probable cause to search the Defendant's residence, including his electronic devices. The affiant further attested that individuals involved in child pornography generally possess other sexually explicit material, including images involving minors that do not rise to the level of child pornography. Accordingly, even if some of the images identified in the cyber tip do not constitute child pornography, they remain relevant to finding probable cause that Defendant has such contraband.

An example may be helpful. Assume that the subject of a search warrant has a criminal record of drug trafficking. Further assume agents have collected his abandoned trash and have found handwritten notes that may be consistent with a drug ledger. And assume agents observed an unusual volume of visitors to the subject's home. None of these facts *prove* the subject is selling drugs, but the *totality* of these facts provides probable cause to believe that evidence of drug trafficking is likely to be found in the home. Absolute proof positive is not required; the affidavit need only demonstrate "a fair probability that contraband or evidence of a crime will be found in a particular place.'" *McCall*, 84 F.4th at 1324 (citing *Gates*, 462 U.S. at 238). The affidavit here easily surpasses that threshold.

## IV. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Suppress and for *Franks* Hearing (Doc. 46) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 18, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties